IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-07-167-L |
| | ) | |
| HARVEY JOE DEESE, | ) | |
| | ) | |
| Defendant. | ) | |

## O R D E R

On July 11, 2007, a federal grand jury issued a one-count indictment charging defendant Harvey Joe Deese with failing to update a registration as required by the Sex Offender Registration and Notification Act ("SORNA"), a subsection of the Adam Walsh Child Protection and Safety Act of 2006. Specifically, the indictment alleges that defendant, as "an individual required to register as a sex offender under the Sex Offender Registration and Notification Act after receiving a felony conviction from the state of Michigan . . . did knowingly fail to register in Oklahoma as a Sex Offender as required by the Sex Offender Registration and Notification Act, after leaving the State of Michigan where he failed to update his Sex Offender Registration and thereafter traveled in interstate commerce to the State of Oklahoma."  Indictment [Doc. No. 1].

This matter is before the court on defendant's motion to dismiss the

indictment.  Defendant argues that his prosecution under SORNA violates the *Ex*

*Post Facto*, Due Process, and Commerce clauses of the United States

Constitution because his travel in interstate commerce occurred two years before

SORNA was enacted.  As noted by defendant, this court has previously held that

prosecution of a defendant pursuant to 18 U.S.C. § 2250 based on defendant's

interstate travel that occurred prior to the effective date of SORNA violates the *Ex*

*Post Facto* Clause.  United States v. Sallee, No. CR-07-152-L (W.D.Okla. Aug.

13, 2007).  Upon review of the facts, and for the reasons stated in Sallee, the

court finds that the indictment against Mr. Deese must also be dismissed.

The facts set out in defendant's motion indicate the following: The

defendant left the state of Michigan in September 2003 or 2004 and moved to

Oklahoma City.  He last registered as a Sex Offender in Michigan in 2003.  A

Fugitive Complaint pursuant to 22 O.S. § 1141.3 was filed in the District Court of

Cleveland County, State of Oklahoma, on July 25, 2006.[1]  The complaint stated

that Mr. Deese was taken into custody on July 21, 2006 by the Sheriff of

Cleveland County pursuant to a warrant from Midland County, Michigan for the

crime of Failure to Register as a Sex Offender.  Mr. Deese was in custody in

Cleveland County until October 26, 2006, at which time he was released due to

---

[1]See Docket Sheet in *State v. Deese*, Case No. CF-2006-1060 found at
http://www.oscn.net/application/ocisweb/GetCaseInformation.asp?submitted=true&viewtype=caseGeneral
&casemasterID=361094&db=Cleveland.

Michigan's failure to extradite.  Mr. Deese was arrested July 18, 2007 on the

present federal charge in Oklahoma City.  Defendant's Motion to Dismiss, p. 2.

The government's response to defendant's Motion to Dismiss does not

contradict the facts as stated by defendant and further indicates the following: On

January 8, 2003, in the state of Michigan, defendant completed a Sex Offender

Registration form and signed and "Explanation of Duties to Register as a Sex

Offender" as required by Michigan state statute and federal law.  The form

advised defendant that it was his responsibility to keep his record with the

Michigan State Police up to date, as well as report where he is moving to and

"shall comply with the registration requirements of that state."  *See* Attachment 1

to Government's Response.  On June 22, 2007, the state of Michigan Sex

Offender Registry, via the Oklahoma Department of Corrections, notified U.S.

Marshals that the defendant was living in Oklahoma City.  The defendant was

indicted on July 11, 2007, for failing to comply with SORNA, in violation of 18

U.S.C. § 2250.  According to the government, "after his arrest, and waiver of

rights, the defendant stated he remembered signing forms in Michigan which

explained his duties to register and knew he was required to notify Michigan State

Police before he moved to another state.  The defendant further admitted he had

never registered in Oklahoma, and that he had also traveled in and out of Indian

Country with frequent visits to Indian casinos in Oklahoma."[2]  Government's

Response, p. 2.

The court's analysis of SORNA in the <u>Sallee</u> case is relevant here and

bears repeating.  In addition to creating a national system for registration of sex

offenders, SORNA increased the criminal penalties associated with failure to

register.  Prior to SORNA, a first-time federal conviction for failure to register

carried a maximum sentence of one year in prison.  42 U.S.C. § 14072(i).[3]

SORNA increased the maximum penalty to ten years imprisonment for

> Whoever --
>
> > (1) is required to register under the Sex Offender
> > Registration and Notification Act;
> >
> > * * *
> >
> > (2)(B) travels in interstate or foreign commerce, or
> > enters or leaves, or resides in, Indian country; and
> >
> > (3) knowingly fails to register or update a registration as
> > required by the Sex Offender Registration and
> > Notification Act[.]

18 U.S.C. § 2250(a).

There is no dispute that defendant is a sex offender within the meaning of

---

[2]The government does not provide the date of the arrest referred to in this paragraph and has not provided the court with any evidence of the dates of the alleged travel by defendant in Indian Country.  As noted, the indictment alleges only that defendant traveled in interstate commerce to the State of Oklahoma.  Indictment, Doc. No. 1, p. 2.

[3]This provision, which was enacted as part of the Jacob Wetterling Crimes Against Children and Sexually Violent Offender Registration Act, remains in effect until July 27, 2009 or one year after the software described in SORNA is available, whichever is later.  *See* 42 U.S.C. § 14072 (Effective Date of Repeal).

SORNA, as he is "an individual who was convicted of a sex offense."  42 U.S.C. §

16911(1).  The question is whether he meets the other two essential elements of

the crime: that is, that he is required to register under SORNA and he traveled

within the meaning of the Act.  With respect to the first of these two elements, the

court finds defendant was not required to register under SORNA prior to February

28, 2007.[4]  It was not until this date that the Attorney General exercised the

authority delegated to him to extend SORNA's reach to sex offenders who were

convicted before the Act's effective date.[5]  On February 28, 2007, the Attorney

General issued an interim regulation that specified the registration requirements

of the Act "apply to all sex offenders including sex offenders convicted of the

offense for which registration is required prior to the enactment of that Act."

Applicability of the Sex Offender Registration and Notification Act, 72 Fed. Reg.

8894, 8897 (Feb. 28, 2007).

The court recognizes that other courts have held that SORNA applied to

sex offenders such as defendant before the Attorney General acted.  *See*, *e.g.*,

United States v. Hinen, 487 F. Supp. 2d 747, 750-51 (W.D. Va. 2007); United

---

[4]Defendant was, however, required to register under Oklahoma law, 57 O.S. § 582, and to update that registration pursuant to the Jacob Wetterling Act, 42 U.S.C. §  14072(g)(3).

[5]Congress specifically provided that:

> The Attorney General shall have the authority to specify the applicability of the requirements of this subchapter to sex offenders convicted before July 27, 2006 or its implementation in a particular jurisdiction, and to prescribe rules for the registration of any such sex offenders and for other categories of sex offenders who are unable to comply with subsection (b) of this section.

42 U.S.C. § 16913(d).

States v. Manning, 2007 WL 624037 (W.D. Ark. Feb. 23, 2007); United States v.

Templeton, 2007 WL 445481 (W.D. Okla. Feb. 7, 2007); United States v. Buxton,

No. CR-07-82-R (W.D. Okla. Aug. 30, 2007); United States v. Lawrance, No. CR-

07-166-D (W.D. Okla. Sept. 5, 2007). Having examined the issue thoroughly,

however, this court, consistent with its ruling in Sallee, reiterates its concurrence

with the reasoning in United States v. Kapp, 487 F.Supp. 536 (M.D. Pa. 2007).  A

plain reading of the statute indicates that until the Attorney General acted, the

registration requirements of SORNA did not apply to persons convicted before

July 26, 2006.

> Section 113(d) comprises two clauses.  The first clause, as already discussed, authorizes the Attorney General to "specify the applicability" of SORNA to past offenders.  The second clause authorizes the Attorney General to promulgate regulations related to the registration of sex offenders under SORNA.  Although the first clause speaks to "sex offenders convicted before the enactment of this Act or its implementation in a particular jurisdiction," the second clause provides authority to promulgate regulations "for the registration of any such [previously convicted] sex offenders and for other categories of sex offenders who are unable to comply with subsection (b)."  The words "any such" and "other categories" in the second clause indicate that § 113(d) contemplates two groups of sex offenders: (1) past offenders and (2) those unable to initially register under subsection (b).  Significantly, the first clause of § 113(d), which addresses SORNA's applicability, only covers the first group: past offenders.  Therefore when the two clauses are read in conjunction, the first clause of § 113(d) unambiguously provides the Attorney General with the authority to define the retrospective applicability of SORNA's registration requirements to past offenders.

Id. at 542.  *See also* United States v. Muzio, 2007 WL 2159462 (E.D. Mo. 2007);

United States v. Stinson, 2007 WL 2580464 (S.D. W.Va. 2007).

As the indictment in this case charges defendant with failing to register

both before and after the Attorney General's February 28, 2007 pronouncement,[6]

the court must examine whether the travel element can be met without violating

the *Ex Post Facto* Clause.  The court concludes it cannot.  It is undisputed that

defendant's interstate travel occurred two years prior to enactment of SORNA.

The government argues that SORNA applies to offenders who were convicted

and traveled prior to July 27, 2006, and requires sex offenders to comply with the

registration requirements set forth in the Act.  Government's Response to

Defendant's Motion to Dismiss, p. 6.  This argument flies in the face of the

standard canon of statutory construction that "Congress' use of a verb tense is

significant in construing statutes."  United States v. Wilson, 503 U.S. 329, 333

(1992).  In § 2250, Congress used the present tense "travels", rather than the

past-tense "traveled" or past-participle "has traveled".  The government's

argument disregards this distinction.  *See* United States v. Smith, 481 F. Supp.

2d 846, 850-51 (E.D. Mo. 2007).

The government's construction runs afoul of the *Ex Post Facto* Clause.[7]

"To fall within the *ex post facto* prohibition, a law must be retrospective – that is,

---

[6]The indictment alleges defendant failed to register during the period from July 28, 2006 through July 10, 2007.  Indictment at 1 [Doc. No. 1].

[7]The government's reliance on Smith v. Doe, 538 U.S. 84 (2003), is misplaced, as the Court in Smith did not address criminal penalties associated with a failure to register as a sex offender.  At issue in Smith was whether the registration itself – and the resulting publication of that information – constituted punishment.

'it must apply to events occurring before its enactment' – and it 'must disadvantage the offender affected by it', by altering the definition of criminal conduct or increasing the punishment for the crime". Lynce v. Mathis, 519 U.S. 433, 441 (1997) (citations omitted).  The government's construction of the statute is clearly retrospective since it seeks to capture travel that occurred prior to SORNA's enactment.  In addition, there is no dispute that SORNA has increased the federal punishment for failing to register as a sex offender.  When defendant traveled to Oklahoma in 2004, he was required to register as a sex offender within ten days of the move pursuant to the Jacob Wetterling Act, 42 U.S.C. § 14072(g)(3).  In 2004 and currently, defendant was subject to prosecution for failing to register under that act.  42 U.S.C. § 14072(i)(1).  The Jacob Wetterling Act, however, subjected defendant to a maximum punishment of one year imprisonment for a first offense.  42 U.S.C. § 14072(i).  In contrast, SORNA has increased the maximum penalty to ten years imprisonment.  Subjecting a defendant who traveled in interstate commerce prior to the effective date of SORNA to a ten-fold increase in punishment clearly "disadvantage[s] the offender affected by it." Weaver v. Graham, 450 U.S. 24, 29 (1981).

The court rejects the government's contention that failure to register constitutes a continuing offense and thus the timing of the interstate travel is irrelevant.  Rather than being a continuing crime, the offense proscribed by § 2250 is complete "on the 11th day after the defendant travels in interstate

commerce from one jurisdiction to another, and fails to register after 10 days."

Smith, 481 F. Supp. 2d at 852.  Moreover, the government's argument that the *Ex Post Facto* Clause is not implicated by prosecution of defendant under § 2250 fails to recognize that SORNA increased the punishment for an existing federal offense.[8]

Based on the facts of this case – specifically, that defendant's interstate travel occurred two years prior to the effective date of SORNA – the court concludes that prosecution of defendant pursuant to 18 U.S.C. § 2250 would be violative of the *Ex Post Facto* Clause.  Based on this ruling, the court need not address defendant's alternative arguments.  Defendant's Motion to Dismiss Indictment as Violative of the *Ex Post Facto*, Due Process and Commerce Clauses **[Doc. No. 14]** is therefore **GRANTED.**  Judgment will issue accordingly.

It is so ordered this 21st day of September, 2007.

_____
TIM LEONARD
United States District Judge

---

[8]As noted, failure to register constitutes a criminal offense under both the Jacob Wetterling Act and SORNA.  Under the Jacob Wetterling Act, however, failure to register constitutes a misdemeanor punishable by a term of imprisonment of no more than one year.  42 U.S.C. § 14072(i).  In contrast, failure to register under SORNA is a felony, punishable by up to ten years imprisonment.  18 U.S.C. § 2250(a).